IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE K. HENDERSON,

    Petitioner,               No. 2:12-cv-1257 MCE GGH P

    vs.

PEOPLE OF THE STATE
OF CALIFORNIA,                  ORDER &amp;

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. However, court records indicate that petitioner has previously brought a habeas petition in this court with the same claims or variations of these claims concerning his 2004 conviction. The petition was denied in No. 2:06-cv-2369 JAM CMK P, on October 15, 2008, and petitioner's appeal to the Ninth Circuit was denied on March 8, 2010.[1] Thus, petitioner is attempting to bring a successive petition.

\\\\\

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.

Therefore, this successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis is granted; and

\\\\\

---

[2] To the extent that petition has also brought a § 1983 case combined with the habeas petition, petitioner must file it separately.

IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh: ab
hend1257.ord