UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANCE K. HENDERSON,

        Petitioner,

   v.

PEOPLE OF THE STATE OF CALIFORNIA,

        Respondents.

No. 2:12-cv-01257-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

**BACKGROUND**

On June 5, 2012, Petitioner Lance K. Henderson, a state prisoner proceeding pro se, moved to recuse the undersigned from this case pursuant to 28 U.S.C. §§ 445(a) and (b). According to Petitioner, the undersigned has a personal bias and prejudice against him because he presided over Petitioner's preliminary hearing and bound him over for trial in state court.

///

///

1

**STANDARD**

28 U.S.C. § 445 requires a judge to recuse him or herself in any proceeding in which "his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 445(a), (b)(1). A district court has full discretion in determining a motion for recusal. United States v. Bell, 79 F. Supp. 2d 1169, 1171 (E.D. Cal. 1999). To determine whether the impartiality of a judge "might reasonably be questioned," "the moving party bears as 'substantial burden' to show that the judge is not impartial." Id. (citing United States v. Int'l Business Machines, 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979), aff'd, 618 F.2d 923 (2d Cir. 1980). Accordingly, there must be a reasonable factual basis for doubting a judge's impartiality to warrant disqualification. United States v. Rogers, 119 F.3d 1377, 1383 (9th Cir. 1997).

When determining whether recusal is warranted under 28 U.S.C. § 445, a threshold determination must be made that the basis for questioning a judge's impartiality stems from "extrajudicial" factors. Liteky v. United States, 510 U.S. 540, 554 (1994) (holding that the "basis for recusal must be something other than rulings, opinions formed or statements made by the judge during the course of trial."). The Ninth Circuit has also stated that "prior rulings in the proceeding, or another proceeding, solely because they were adverse" are insufficient to warrant judicial recusal.

///

Clemens v. United States Dist. Ct. for Cent. Dist. of Cal., 428 F.3d 1175, 1178-79 (9th Cir. 2005) (citations omitted).

Courts employ a two-part process, which entails an objective and subjective inquiry in determining whether recusal is appropriate. United States v. Holland, 519 F.3d 909, 915 (9th Cir. 2008). First, to determine whether recusal is required under § 455(a), courts apply an objective inquiry: "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Clemens, 428 F.3d at 1178 (citations omitted). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Id. (quoting In re Mason, 916 F.2d 384, 385 (7th Cir. 1990)). The "reasonable person" is defined as someone who is a "well-informed observer," and not a "hypersensitive or unduly suspicious person." Id.

The second step, the subjective prong under § 455(b), asks whether the judge "can be truly impartial when trying the case." Holland, 519 F.3d at 915. Recusal is required only if these two prongs are satisfied.

**ANALYSIS**

Petitioner, Lance K. Henderson, filed a motion for recusal on June 5, 2012. On June 15, 2012, Petitioner filed an additional motion for recusal which was identical to the motion filed on June 5, 2012, and included an affidavit in support of his motion.

3

In that affidavit, Petitioner contends that during his preliminary hearing, the undersigned made a "disparaging remark, indicating that he believes [sic] Petition is guilty." Pet'r's Aff. ¶ 2.

Recusal based on § 455(a) is a fact-intensive inquiry. See Holland, 519 F.3d 909 at 913. The only ground cited by Petitioner as warranting recusal is the fact that the undersigned presided over his preliminary hearing ten years ago. This fact alone is insufficient to support recusal under 28 U.S.C. § 455. Petitioner cites to a statement allegedly made by the undersigned during the course of the preliminary hearing that indicated his belief that Petitioner had committed the alleged crime; however, this also does not support a finding of bias. See Liteky v. United States, 510 U.S. 540, 554 (stating that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Even after applying the two-step inquiry as to whether recusal under 28 U.S.C. § 455 is warranted, it is clear that recusal of the undersigned is neither required nor necessary. First, the objective prong, "whether a reasonable person, with all the applicable facts would conclude that the judge's impartiality might reasonably be questioned," is not satisfied here. It is doubtful that a reasonable person would question a judge's impartiality based on a statement from a proceeding ten years ago. Additionally, the prior proceeding was not a trial, it was a preliminary hearing which only determines whether there is sufficient evidence to bound a defendant over for trial.

4

Second, the subjective inquiry, whether the judge "can be truly impartial when trying the case" is a non-issue here because the undersigned recalls neither Petitioner nor the prior proceeding. Further, courts operate under the "general proposition that, in the absence of a legitimate reason to recuse him or herself, 'a judge should participate in cases assigned.'" <u>Holland</u>, 519 F.3d at 912 (quoting <u>Maier v. Orr</u>, F.3d 1578, 1583 (Fed. Cir. 1986); <u>United States v. Synder</u>, 235 F.3d 42, 46 (1st Cir. 2000)).

Petitioner has failed to assert a legitimate reason as to why the undersigned should recuse himself. In sum, given that the alleged remarks made by the undersigned occurred ten years ago, and the undersigned does not recall the specifics of the case for which Petitioner is currently incarcerated, there is insufficient support to require recusal under 28 U.S.C. § 455.

**CONCLUSION**

For all the foregoing reasons, Petitioner's Motion for Recusal (filed as ECF Nos. 9 and 10) is DENIED.

IT IS SO ORDERED.

Dated: September 5, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE